Germantown Trust Co., Exr., v. Risser, Appellant.

*Evidence—Ownership of policy of life insurance — Written evidence—Oral proof.*

1. Where a witness, instead of stating the words uttered, or used by the parties to an alleged oral agreement, simply gives his conclusion concerning the effect of such words, the appellate court, on review, cannot hold that the trial judge erred in treating the testimony accordingly; nor can it say that the trial judge was obliged to credit such testimony against the written evidence in the case.

2. In a contest over the ownership of a life insurance policy, where the application and the policy show that it was to be payable to a partnership of which the insured was a member, the docu-

mentary evidence will sustain a judgment on a finding that the proceeds of the policy was a partnership asset.

Argued January 12, 1921.  Appeal, No. 129, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1919, No. 4572, for plaintiff on case tried by court without jury, in case of Germantown Trust Co., executor of Frank Griffenberg, deceased, v. C. N. Risser.  Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.  Affirmed.

Assumpsit to recover proceeds of life insurance policy. Before MCCULLEN, J.

The case was tried without a jury by agreement of counsel under the Act of April 22, 1874, P. L. 109.

The court entered judgment for plaintiff for $5,000. Defendant appealed.

*Error assigned,* inter alia, was judgment, quoting it.

*Albert L. Longbottom,* with him *G. Lawrence Pape* and *Robert J. Byron,* for appellant.

*F. B. Bracken,* for appellee.

PER CURIAM, February 14, 1921:

On agreement of the parties, this case was tried by a judge without a jury; the question involved concerns the ownership of a policy of life insurance.

The policy was taken out upon the life of a member of a business partnership.  The insured died, and the amount of the insurance was collected by the surviving partner; whereupon plaintiff, the executor of the deceased partner, sued to recover its decedent's share of the fund.

In entering judgment for plaintiff, the court below states that the application for the policy names "Risser

Brothers Company" as beneficiary, while the policy itself provides that, in the event of the death of the insured prior to the expiration of the endowment period, the insurance shall be payable to "Risser Brothers Company, its successors or assigns, beneficiary, with the right of revocation."

The documentary evidence just noted is enough to sustain the judgment; and we cannot say the court below erred in holding that there is no other evidence sufficient to warrant a finding that the partners themselves had entered into an oral contract, at the time the insurance issued, that the proceeds of the policy should not be an asset of the partnership, "but of the surviving partner, to be used for a specific purpose, namely, to pay off the deceased partner's interest," as contended by appellant.

When a witness, instead of stating the words uttered, or used, by the parties to an alleged oral agreement, simply gives his conclusion concerning the effect of such words, as did the witness depended on by appellant in this case, we cannot hold on review that the trial judge erred in treating the testimony accordingly; nor can we say the trial judge was obliged to credit such testimony against the written evidence in the case.

The assignments of error are overruled, and the judgment is affirmed.